IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ELMER BARBER,

    Petitioner,                    No. CIV S-04-1844 MCE EFB P

    vs.

McGREGOR WILLIAM SCOTT,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the December 6, 2004 petition, wherein petitioner raises the following grounds for relief: (1) his prosecution violated his federal constitutional rights because it was "time barred;" (2) the trial court violated his right to due process when it failed to submit alternative verdicts to the jury; (3) the trial court violated the Ex Post Facto Clause and petitioner's right to due process when it admitted evidence of prior uncharged acts of sexual offenses; (4) his conviction with respect to two victims was not supported by sufficient evidence; (5) he received ineffective assistance of appellate counsel; and (6) his trial counsel rendered ineffective assistance when he failed to object to the prosecutor's use of false testimony, failed to cross-examine witnesses or call favorable witnesses, and failed to ensure that the jury instructions were "proper." On September 15, 2010, findings and

recommendations were issued which recommended that the petition be denied.  Petitioner filed his objections on October 12, 2010.

On September 1, 2010, nearly six years after his habeas petition was filed in this court, petitioner filed a motion "for Stay and Abeyance of Petitioner's Original Writ of Habeas Corpus."  Therein, petitioner requests that the court stay this action while he returns to the state courts to exhaust a claim or claims related to a plea offer that he rejected prior to trial.  Petitioner alleges that he was unaware at the time he rejected the plea offer that the prosecution had filed a motion to amend the information to add numerous additional counts.  Mot. for Stay, at 2.  Petitioner states that, had he known this, he would have accepted the offer.  Petitioner appears to challenge the failure of the prosecutor to allow him the opportunity to reconsider and possibly accept the offer after he learned of his additional exposure under the amended information.  *Id.* at 2-3.  Petitioner also challenges the failure of his trial counsel to advise him of the additional charges prior to his rejection of the plea offer.  *Id.*  Petitioner questions whether the prosecution "can file a motion to incre[ase] the number of counts a defendant must stand trial for, in pretrial proceedings, and then offer a timed plea bargain at settlement conference without disclosing the additional counts, and related punishment to the accused."  *Id.* at 3.  Petitioner contends that this situation violated "due process" and his right to the effective assistance of counsel.  *Id.*  Petitioner cites *Strickland v. Washington*, 466 U.S. 668 (1984) in support of the new claim[s] that he wishes to exhaust.  *Id.*  He cites *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), *Rhines v. Weber*, 544 U.S. 269 (2995), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) in support of his motion for stay and abeyance.  Mot. at 3.

Attached to petitioner's motion for stay and abeyance is a petition for writ of habeas corpus, without a file stamp, directed to the Shasta County Superior Court, with a signature date of August 26, 2010.  Mot. at 6-17.  Petitioner describes this exhibit as a "copy of state court filing for stay and abeyance," and it appears to be his exhaustion petition.  *Id.* at 5.  The petition raises one claim alleging ineffective assistance of counsel.  *Id.* at 8.  Petitioner alleges that

counsel was ineffective because he failed "to inform petitioner that there were (23) added counts at the time of the plea offer of (26 yrs)." *Id.* As a result of this, he did not "intelligently and knowingly decline the (26 yrs) offer." *Id.* Petitioner states that he would have accepted the offer if he had known of the addition of these additional counts. *Id.* at 9. In the body of the petition, although not raised as a specific claim, petitioner also contends that he was not arraigned on the amended information and was not advised of his constitutional rights prior to entering a plea to the amended information. *Id.* at 9, 11. After a thorough review of the record before the court, it does not appear that the claims described by petitioner in his motion for stay or his Superior Court petition have been previously raised in any California court or in this court.

A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) or *Rhines v. Weber*, 544 U.S. 269 (1995). *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). The procedure varies depending on whether the petition presents fully exhausted claims, or a mix of exhausted and unexhausted claims. Under *Kelly*, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. *Id.* (citing *Kelly*, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. *Id.* Under *Rhines*, a court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines*, 544 U.S. at 277. Under *Rhines*, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" *Kings*, 564 F.3d at 1139 (quoting *Rhines*, 544 U.S. at 277-78). The *Kelly* procedure, which remains available after *Rhines*, does not require a showing of good cause. *King*, 564 F.3d at 1140.

Both *Kelly* and *Rhines* "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first

3

articulated in *Rose v. Lundy*, 455 U.S. 509 (1982)."[1] *King*, 564 F.3d at 1136. The *Rhines* procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." *Id.* at 1140. On the other hand, "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." *Id.* at 1140-41. Because the *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the *Kelly* procedure does not protect a petitioner's unexhausted claims from untimeliness.

Petitioner is asking this court to stay his fully exhausted petition so that he may return to state court and exhaust an additional claim or claims. His request in this regard is more akin to the three-step *Kelly* procedure, which applies to stays of fully exhausted petitions, than to the *Rhines* procedure, which applies to stays of mixed petitions. Accordingly, the court will evaluate petitioner's motion for stay pursuant to the requirements of *Kelly*.[2]

The court may deny a request for stay and abeyance using the *Kelly* procedure if the new claims cannot be added to the existing habeas petition after they are exhausted in state court. *King,* 564 F.3d at 1141. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs review of this case, imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d) (1). To the extent that petitioner wishes to later amend the petition to add his newly exhausted claims, those claims would not be timely.

---

[1] *Rose* required district courts to dismiss a mixed petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510.

[2] Even if petitioner was seeking stay and abeyance under the *Rhines* procedure, his request should be denied. In seeking stay and abeyance under *Rhines*, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. *Rhines*, 544 U.S. at 277-78. Petitioner has done none of these things.

AEDPA's one year limitations period continued to run while petitioner's federal habeas action was pending. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Petitioner did not attempt to exhaust his new claims until approximately six years after he filed his federal habeas petition. Therefore, the statute of limitations has expired on those claims.

The remaining question is whether the otherwise untimely claims may be added under the relation back doctrine. *Mayle v. Felix*, 545 U.S. 644, 659 (2005) provides that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period, but only if the new claim shares a "common core of operative facts" with the claims in the pending petition and is the same in both "time and type" from those set forth in the original pleading. A new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." *Id.* at 662-64. The claims petitioner seeks to exhaust do not relate back to the claims contained in his timely filed habeas petition. Petitioner does not raise a claim of prosecutorial misconduct related to the plea offer in his exhausted habeas petition. Although he does raise claims of ineffective assistance of trial counsel, those claims concern: (1) counsel's failure to object to deficiencies or errors in the charging documents; (2) counsel's failure to call certain witnesses at trial or to cross-examine certain witnesses; and (3) counsel's failure to request a clarifying jury instruction regarding whether or not petitioner had been charged with "sodomy." None of petitioner's new claims, which are related to his failure to accept the prosecutor's initial plea offer, are based on "the same core facts" as the claims contained in his federal habeas petition. *Mayle*, 545 U.S. at 657. Rather, they are based on independent facts, different in both time and type. *See Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (newly offered claims of ineffective assistance of counsel did not relate back to timely-filed claims of ineffective assistance of counsel because they were raised on different sets of facts); *United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to

contend on appeal that evidence was insufficient to support conviction). Because petitioner's new claims are untimely and do not relate back to the claims contained in his pending habeas petition, he is not entitled to a stay of this action.[3]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's September 1, 2010 motion for stay and abeyance be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 6, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Assuming *arguendo* that petitioner's claims were timely filed, they appear to lack merit. Petitioner alleges that he did not know when he rejected the prosecutor's plea offer that an amended information containing a number of additional counts had been filed or would soon be filed. However, the record reflects that the prosecutor's motion to amend the information to add these additional counts was heard in the Superior Court at least one month prior to the settlement conference at which the plea offer was discussed and rejected. Clerk's Transcript on Appeal at 67, 73, 82, 96-97. At that court hearing, petitioner pled not guilty but waived arraignment and the advisement of his constitutional rights on these additional charges. *Id.* From this record, it appears that petitioner was aware of the additional charges at the time he rejected the plea offer. Further, petitioner has pointed to no evidence in the record which reflects that his trial counsel knew but failed to advise him of the addition of additional charges, the existence of prior victims, or any other significant fact, prior to petitioner's rejection of the plea offer. *See* Reporter's Transcript on Appeal at 29-76.